**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018[*]
Decided November 5, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1850

| | |
|---|---|
| JOHN C. JUSTICE,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>TOWN OF CICERO, et al.,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 17 C 7448<br><br>Matthew F. Kennelly,<br>*Judge*. |

**O R D E R**

John Justice operated a business that was shut down by the Town of Cicero, Illinois, for lack of a business license and nonpayment of related fines. A self-described "sovereign citizen," he never applied for a license to operate his business because, in his view, "a license is permission to do something that would otherwise be illegal" and "the law of the United States" does not forbid the operation of a business. After his business shut down, Justice, citing a range of sources (including Virginia law from 1785,

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the Articles of Confederation, the Northwest Ordinance, the Magna Carta, the Declaration of Independence, the Preamble to the United States Constitution, the Illinois Constitution, and quotations attributed to Samuel Adams) petitioned in Illinois state court for a "writ of prohibition" to enjoin the Town and its employees from further trespassing against his property, stealing from him, and restraining his liberty. The judge concluded that Justice failed to plead sufficient facts to state a cause of action and dismissed the case with prejudice.

Justice then turned to federal district court and brought this diversity action against the Town and two of its employees, Jerry Jarosz and Tony Bertuca,[1] for acting beyond their legal authority by closing Justice's business, thus violating his constitutional rights. The judge determined that Justice was reasserting essentially the same claim against essentially the same parties as in the state court action and dismissed his case as barred by claim preclusion.

Justice's briefs are terse and do little to engage the district court's reasoning, see FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), but we read them generally to challenge the district court's application of claim preclusion. We agree, however, with the court's ruling. The doctrine of claim preclusion bars a party from relitigating a claim that was decided or could have been decided in an earlier suit, regardless of whether that prior suit was in state or federal court. 28 U.S.C. § 1738; *Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). The requirements of claim preclusion have all been met: the parties in this suit are the same or in privity with those in the prior case;[2] the allegations arise out of the same operative facts; and there is a final judgment in the prior suit. See *id.*; *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001).

Justice's litigation history demonstrates that he is unwilling to accept adverse outcomes. He must understand that decisions are final whether he wins or loses.

---

[1] Bertuca, an administrative hearing officer, is not actually a Town employee, but Justice identifies him as such in his complaint.

[2] Justice does not argue that the inclusion here of Jarosz and Bertuca defeats claim preclusion. But we note that Jarosz and Bertuca, in their official capacities, are in privity with the Town, see *Gray v. Lacke*, 885 F.2d 399, 405 (7th Cir. 1989), and Justice, in his state complaint, sued the Town "[e]mployees in their personal capacities."

Relitigation of the same point is unacceptable and will lead to penalties. See *Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995).

AFFIRMED